FILED
SUPERIOR COURT
OF GUAM

2023 JAN 20 AM 10: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ADRIAN L. CRISTOBAL, CONCEPCION F. CRISTOBAL, JORGE E.U. CRISTOBAL, BEATRIZ CRISTOBAL, E.C. LEON GUERRERO, JUAN B. LEON GUERRERO, ALBERTO C. LAMORENA, III, trustee, and FE C. LAMORENA,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY SIEGEL, FRANCIS GILL, and CORAL PIT, INC.,<br><br>Defendants. | CIVIL CASE NO. CV0442-88<br><br><br>DECISION AND ORDER<br>RE ORDER TO SHOW CAUSE |

The matter came before the Honorable Dana A. Gutierrez on October 17, 2022 for an Order to Show Cause hearing. Present at the hearing were Attorney William Pole representing Bottomless Pit, L.L.C. (the "Defendant" or "Bottomless Pit"); Attorney Geri Diaz representing the Estate of Jorge E.U. Cristobal and the Estate of Fe Grata C. Lamorena (the "Estates of J. Cristobal & Lamorena"); and Attorney Jacqueline Terlaje representing the Estate of Concepcion F. Cristobal ("Estate of C. Cristobal") (collectively, the "Plaintiffs" or the "Cristobals"). Upon consideration of the arguments and the applicable law, the Court determines that the Administrators of the Estates of J. Cristobal, Lamorena, and C. Cristobal are not in contempt.

## BACKGROUND

The underlying matter has an extensive background stemming from the Plaintiffs' Complaint for Fraud, Damages, and Cancellation of Instruments filed on June 1, 1988. After years of litigation, in 1996, the parties executed a Settlement Agreement ("Settlement Agreement") to resolve the matter.

On March 14, 1996, the Court signed and entered a Stipulation and Order for the Settlement and Compromise of Claims ("1996 Stipulation & Order"), which included: 1) incorporating the parties' Settlement Agreement by reference; 2) ordering the parties to perform their respective duties pursuant to the terms and conditions of the Settlement Agreement; 3) dismissing the matter with prejudice; 4) retaining jurisdiction over the Settlement Agreement to enforce the terms and conditions; and 5) noting the entry of judgment. 1996 Stip. & Order, at 1 (March 14, 1996). The Court also issued a Final Judgment, which stated that the matter was dismissed with prejudice and that the Court retained jurisdiction to enforce the terms and conditions of the Settlement Agreement. Final Judgment, at 1 (March 14, 1996).

Since the issuance of the 1996 Stipulation & Order and Final Judgment, the Court has issued multiple decisions and orders related to the enforcement of the Settlement Agreement. For this Decision and Order, the Court will note two relevant ones: the Decision and Order issued on July 20, 2015 ("July 20, 2015 D&O") which discussed whether the Plaintiffs were in contempt of the 1996 Stipulation & Order, and the Decision and Order issued on November, 1, 2017 ("Nov. 1, 2017 D&O") which discussed whether the Plaintiffs waived the condition precedent to

triggering Section Seven of the 1996 Settlement Agreement.[1] July 20, 2015 D&O, at 3; Nov. 1, 2017 D&O, at 2.

Further, the Supreme Court of Guam has issued four Opinions in this case, *Cristobal v. Siegel*, 2012 Guam 16 ("*Cristobal I*"); *Cristobal v. Siegel*, 2014 Guam 16 ("*Cristobal II*"); *Cristobal v. Siegel*, 2016 Guam 27 ("*Cristobal III*") and *Cristobal v. Siegel*, 2018 Guam 29 ("*Cristobal IV*").[2] For the present matter, *Cristobal III* and *Cristobal IV* are especially relevant to the relief requested by Bottomless Pit and shall be discussed below. In addition, on July 12, 2019, the Supreme Court issued an Order Denying Petition for Rehearing ("Order Denying Rehearing"), which is pertinent to the matters raised in these proceedings.

On January 28, 2020, Bottomless Pit filed a Motion for the Court to Issue an Order to Show Cause ("Motion for OSC"), a Declaration of Counsel in support of the Motion for OSC, and a Cover Sheet for Exhibits Re: Motion for OSC ("Motion for OSC Exhibits"), which included Exhibits A-K.[3] On May 17, 2022, the Court held a hearing on the motion for issuance of the Order to Show Cause ("OSC"). At the hearing, the Plaintiffs orally requested to withdraw their opposition to the issuance of an OSC because the Plaintiffs asserted that their arguments went towards the merits of an OSC rather than towards whether or not the Court may issue the OSC. *See* Min Entry, at 10:33:22-10:35:41 AM (May 17, 2022). On May 17, 2022, the Court

---

[1] The Court notes that both the July 20, 2015 D&O and the Nov. 1, 2017 D&O were issued by the Honorable Michael J. Bordallo, and that Judge Bordallo presided over this case until it was re-assigned to this Court on July 28, 2020.

[2] The Court notes that *Cristobal I-III* "trace the factual history of the dispute" between the parties in more detail. *Cristobal IV*, 2018 Guam 29 ¶ 2.

[3] The Motion for OSC's complete title was "Motion For The Court To Issue An Order To Show Cause As To Why the Plaintiffs Should Not Be Held In Contempt For Failure To Perform Their Obligatiosn [*sic*] Under Section Seven Of The Settlement Agreemetn [*sic*]; Or In The Alternative For GRCP Rule 70 Releif [*sic*]; And Memornadum [*sic*] Of Points And Authorities."

issued an Order re Motion for the Issuance of an OSC ("Order Re Issuance OSC"), accepting the withdrawal of the Plaintiffs' opposition to the Motion for OSC.[4]

On June 2, 2022, the Court issued the OSC. The OSC ordered the Administrators of the Estates of J. Cristobal, Lamorena, C. Cristobal "to show cause why [they] should not be held in contempt of court for [their] failure to cooperate in executing the land conveyances outlined in [S]ection [S]even of the 1996 Settlement Agreement herein, that was agreed upon and [o]rdered in the 1996 Stipulation and Order and Final Judgment herein, and further [o]rdered by this Court in its July 20, 2015 Decision and Order; and why the Court should not in the alternative, exercise its GRCP Rule 70 powers to the same end."[5] OSC, at 1-2.

On June 29, 2022, the Estate of C. Cristobal filed an Ex Parte Motion for Enlargement of Time on Order to Show Cause ("Ex Parte Motion for Enlargement"), an Ex Parte Application for Hearing on Ex Parte Motion for Enlargement, and a Declaration of Counsel. On June 30, 2022, the Estates of J. Cristobal & Lamorena filed a Joinder in the Ex Parte Motion for Enlargement. On July 1, 2022, the Court issued an Order Granting Ex Parte Motion for Enlargement.

On August 5, 2022, the Estates of J. Cristobal & Lamorena filed an Opposition Brief to the OSC ("August 5, 2022 Opposition"). On August 17, 2022, Defendant Bottomless Pit filed a Reply to August 5, 2022 Opposition ("Reply"). On October 13, 2022, the Estate of C. Cristobal filed a Request for Leave to File Opposition Brief to the Order to Show Cause and Opposition

---

[4] Although the matter was fully briefed, the Plaintiffs orally withdrew their opposition before the start of the hearing for the issuance of the OSC. In the Order Re Issuance OSC, the Court noted that the Plaintiffs' withdrawal of their opposition was untimely, and that "the failure to inform the Court of their subsequent non-opposition resulted in the waste of judicial and attorney time and resources and admonishe[d] the attorneys to avoid such an effect in the future." Order Re Issuance OSC, at 3.

[5] While the OSC states "further [o]rdered by this Court in its July 20, 2015 Decision and Order," the Court notes that *Cristobal III* reversed and vacated the finding in the July 20, 2015 D&O that Section Seven of the Settlement Agreement was triggered. *Cristobal III*, 2016 Guam 27 ¶ 41. Despite this reversal, the OSC clearly states that the enforcement of the Settlement Agreement is based upon the 1996 Stipulation & Order. OSC, at 2; *Cristobal III*, 2016 Guam 27 ¶ 41.

4

Brief to the Order to Show Cause ("Oct. 13, 2022 Opposition").[6] Upon hearing the parties' oral arguments at the OSC Hearing on October 17, 2022, the Court took the matter under advisement.

## DISCUSSION

The issue before the Court is whether the Plaintiffs should be held in contempt of Court for failing to cooperate and effectuate the land conveyances outlined in Section Seven of the Settlement Agreement that were agreed upon and ordered in the 1996 Stipulation & Order and Final Judgment. OSC, at 1-2.

### A. Contempt

Under Guam law, "[d]isobedience of any lawful judgment, order, or process of the court" constitutes contempt of court. 7 GCA § 34101(a)(5). The elements of contempt are 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44 (quoting *Rodriguez v. Rodriguez*, 2003 Guam 8, ¶ 15).

An individual found in contempt "is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b). If convicted of a petty misdemeanor, "the court shall set a definite term [of imprisonment] not to exceed sixty (60) days." 9 GCA § 80.34(b). For a petty misdemeanor crime, the Court may impose a fine of Five Hundred Dollars ($500.00), or "[a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender." 9 GCA § 80.50(e). Additionally, when "the contempt is omission to perform any act, the person may be imprisoned until performance." 7 GCA § 34103.

---

[6] At the October 17, 2022 hearing, after discussion among the parties with no opposition being raised, the Court orally granted the Estate of C. Cristobal's request for leave to file the untimely Oct. 13, 2022 Opposition. Min Entry, at 10:19:47-10:22:04 AM (October 17, 2022).

1. **The Supreme Court Has Affirmed That the 1996 Stipulation and Order Is a Valid Order and That the Settlement Agreement Remains Enforceable with Contempt Proceedings**

First, in contempt proceedings, the Court must determine whether there is a valid order. An order's validity is rooted in the issuing court's jurisdiction over a matter. *See Donovan v. City of Dallas*, 377 U.S. 408, 413-14 (1965). Bottomless Pit argues that there is nothing left to do but for the Plaintiffs "to cooperate and execute the map and deeds necessary to effectuate Section Seven of the Settlement Agreement," as ordered in the 1996 Stipulation & Order and further ordered in the July 20, 2015 D&O. Motion for OSC, at 1-3. Bottomless Pit further alleges that these orders are supported by the subsequent Supreme Court decisions, *Cristobal III* and *Cristobal IV*. *Id.* at 2-3.

The Estates of J. Cristobal & Lamorena challenge the validity of the underlying Settlement Agreement and allege that "the basic purpose of the settlement agreement" has been "destroyed." Aug. 5, 2022 Opp'n, at 13. They claim that the agreement was originally designed to "ensure the timely and adequate resolution of all issues," but it is "now twenty-six (26) years removed from the original signing" and the current outcome is "not one that could have ever been contemplated by the parties in 1996." *Id.* at 12-13. Therefore, the Estates of J. Cristobal & Lamorena argue that "they should be excused from performance based on the defense of frustration of purpose. " *Id.* at 10, 12. The Estate of C. Cristobal does not directly argue against the validity of the 1996 Stipulation & Order in their briefing, but instead claim that they should not be held in contempt because they "signed the 1996 settlement agreement and the 1997 map subdividing the land" and did not "did not impede the condition precedent of the settlement agreement." Oct. 13, 2022 Opp'n at 2.

The Court turns now to the case history to determine the validity of the 1996 Stipulation & Order and the enforceability of the Settlement Agreement.

a. **The 1996 Stipulation & Order Ordered the Parties to Perform Their Obligations under the Settlement Agreement and Retained Jurisdiction for the Court to Enforce the Settlement Agreement**

The parties entered into a Settlement Agreement in 1996. The Settlement Agreement provided different terms and obligations of the parties. On March 14, 1996, the Court issued a Stipulation & Order, which incorporated the Settlement Agreement and ordered the parties to comply with the terms and conditions of the Settlement Agreement. 1996 Stip & Order, at 1. On the same day, the Court also issued a Final Judgment, which reflected the 1996 Stipulation & Order and dismissed the case with prejudice, but retained jurisdiction over enforcement of the terms and conditions of the Settlement Agreement. Final Judgment, at 1.

b. **The July 20, 2015 D&O Found the 1996 Stipulation & Order to Be a Valid Enforceable Order and Ordered the Parties to Comply with Section Seven of the Settlement Agreement**

As noted above, years of litigation led to the Court issuing the July 20, 2015 D&O. In the July 20, 2015 D&O, the issue before the Court was "[w]hether Plaintiff's [*sic*] are in contempt of the Court's March 14, 1996 order." July 20, 2015 D&O, at 3. The Court analyzed the elements of contempt and found that the first three elements of contempt were met: the 1996 Stipulation & Order was a valid order, the Plaintiffs had knowledge of the order, and the Plaintiffs had the ability to comply with the order. *Id.* at 9-12. However, the Court did not hold the Plaintiffs in contempt of court because the Court did not find the fourth element at the time—the willful failure to comply with the order. *Id.* at 12-15. Instead the Court found that "[a]bsent a showing of Defendant's conveyances the Court is unable to find Plainitff's [*sic*] in contempt." *Id.* at 15.

7

For this reason, the Court ordered that the parties "comply with the conveyance mandates of Section Seven of the parties' Settlement Agreement, this Court's March 14, 1996 Stipulation and Order and Final Judgment." *Id.* The Court further ordered that the Defendants "file copies of the written and executed: 1. Release of all claims to the Ceded Parcel; 2. Quitclaim to Plaintiffs of all interest in Lot RNEW-4 plus an area of 6,381 square meters within Lot RNEW-3; and 3. Conveyance of all its interest to the Plaintiffs for an additional one hectare of Lot RNEW-3."[7] *Id.*

The Court then ordered that "after these filings Plaintiffs are ordered to convey the remainder portion of the basic lot to Defendant. The delineation of these interests shall be in near approximate accordance with the map and the survey sketch identified in the Settlement Agreeement's Recitals and Section Three." *Id.* at 16.

c.   ***Cristobal III* Affirmed That the Settlement Agreement Is Enforceable and Contempt Proceedings Are Proper But Found Section Seven Was Not Triggered Yet**

On appeal in *Cristobal III*, the Supreme Court affirmed the July 20, 2015 D&O in part, finding "that the Settlement Agreement is enforceable and that contempt proceedings are appropriate in this case." *Cristobal III*, 2016 Guam 27 ¶ 41. The Supreme Court further found that "[t]he 1996 Stipulation and Order did explicitly order the parties 'to perform their respective obligations pursuant to and under the terms and conditions of the Settlement Agreement.' The court further expressly retained jurisdiction over the Settlement Agreement to enforce the terms and conditions thereof." *Id.* at ¶ 30 (citations omitted). The Supreme Court found that "the trial court does have jurisdiction to enforce the Settlement Agreement through contempt proceedings." *Id.* at 31.

---

[7] The Court notes that Bottomless Pit filed a Declaration of Counsel Re: Attempted Compliance with the Court's July 20, 2015 Decision and Order on August 21, 2015. The document contained "copies of the attached Quitclaim Deeds delivered to the remaining plaintiffs/counterclaim defendants in this case." Decl. of Counsel, at 1 (Aug. 21, 2015).

However, the Supreme Court reversed and vacated the finding that Section Seven of the Settlement Agreement was triggered because "absent a finding that the sale has not been completed on the Closing Date or that the parties waived this condition precedent, the conveyance obligations in Section Seven have not been triggered." *Id.* at 26. The Supreme Court remanded the case back to the Court for further proceedings not inconsistent with the opinion. *Id.* at ¶ 41.

### d. *Cristobal IV* Affirms the Nov. 1, 2017 D&O Finding That the Plaintiffs Prevented the Map Recordation and Section Seven Is the Only Operative Provision of the Settlement Agreement and Must Be Effectuated

Upon remand, Bottomless Pit moved the Court to make additional findings with regard to whether the parties had waived the condition precedent to trigger Section Seven of the Settlement Agreement.[8] After taking the matter under advisement, the Court issued the Nov. 1, 2017 D&O. In the Nov. 1, 2017 D&O, the Court found the Plaintiffs' initial refusal to record the map and their "continuing refusal to sign a map for recordation or provide assurances that they would approve and sign a proper map" prevented and waived the occurrence of the condition precedent of a Closing Date. Nov. 1, 2017 D&O, at 6. Thus, the Court found "that Plaintiffs [*sic*] actions and conduct support a finding that Plaintiffs waived the condition precedent to activating Section Seven of the [Settlement Agreement]." *Id.* at 5.

On appeal in *Cristobal IV*,[9] the Supreme Court affirmed the Nov. 1, 2017 D&O finding that the Court did not err in finding the Plaintiffs prevented and waived the condition precedent to activating Section Seven of the Settlement Agreement. *Cristobal IV*, 2018 Guam 29 ¶ 9-10.

---

[8] Bottomless Pit's Motion was titled, "Motion for the Court to Make a Finding, in Addition to Those Already Made in Its July 20, 2015 Decision and Order, That the Parties Have Waived the Condition Precedent to the Triggering of Section Seven of the 1996 Settlement Agreement that the Supreme Court Identified in Its September, 2016, Opinion."

[9] The Court notes that only the Estates of J. Cristobal & Lamorena appealed the Nov. 1, 2017 D&O and were parties to *Cristobal IV. See Cristobal IV*, 2018 Guam 29 n. 2.

Specifically, the Supreme Court stated that because "the Superior Court did not clearly err in finding the Cristobals prevented the occurrence of the condition, we need not reach the distinct concept of waiver." *Id.* at ¶ 10. The Supreme Court further affirmed the trial court's finding that the "Cristobals prevented the recordation of a subdivision map." *Id.* at ¶ 14-15. The Supreme Court held that "Section Seven is now the operative provision that allows the parties to effectuate the originally intended settlement and extinguishment of claims . . . The Cristobals' failure to effectuate Section Seven vitiates the fundamental purpose of the Settlement Agreement as a whole, a result, we are not willing to embrace." *Id.* at ¶ 14.

The Supreme Court was also not persuaded by the Plaintiffs' argument that the non-waiver clause within Section Six of the Settlement Agreement should apply broadly and allow the Plaintiffs to continue to demand performance of any conditions precedent. *Id.* at ¶ 16-18. Instead, the Supreme Court found that the non-waiver clause was not intended for a situation like this where "the [Plaintiffs] prevented map recordation," and thus, cannot be used as a "shield" to protect the Plaintiffs now. *Id.* at ¶ 17-18 (citing *Imperator Realty Co. v. Tull*, 127 N.E. 263, 266 (N.Y. 1920)) (quoting Justice Cardozo who stated "[h]e who prevents a thing from being done may not avail himself of the nonperformance, which he has, himself, occasioned."). The Supreme Court noted that "[i]f we adopted the [Plaintiffs] expansive reading of Section Six—*viz.* as if it also applied to shield conduct that frustrated the purpose of the contract—then the intention of Section Seven, and the contract as a whole, would be undermined, if not nullified altogether." *Id.* at ¶ 18.

Therefore, the Court finds that the Supreme Court affirmed that the Settlement Agreement was still enforceable in both *Cristobal III* and *Cristobal IV*. For this reason, the Court finds that the 1996 Stipulation & Order is a valid order.

e.     **The Supreme Court Found That the Law of the Case Doctrine Prevents the Plaintiffs From Raising New Arguments Against the Enforceability of the Settlement Agreement**

Despite the holdings in *Cristobal III* and *Cristobal IV*, the Estates of J. Cristobal & Lamorena challenge the enforceability of the Settlement Agreement and claim that the fundamental purpose of the Settlement Agreement was "destroyed" due to the supervening event of an "unexpected and significant amount of time . . . that has passed to effectuate the terms of the Settlement Agreement." Aug. 5, 2022 Opp'n, 2. They claim that the Settlement Agreement is no longer enforceable and "they should be excused from performance of Section Seven." *Id.* at 19.

With regard to the Plaintiffs' opposition, Bottomless Pit argues that the Court cannot consider "[a]ny new arguments, any substantive, merits arguments, in opposition" because they "would violate the law of the case and the Guam Supreme Court mandate . . . ." Reply, at 2.

"Under [the law of the case] doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Guam Hous. & Urb. Renewal Auth. v. Pac. Superior Enterprises Corp.*, 2001 Guam 8 ¶ 14 (citation omitted); *see People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 37 ("As a general rule of discretion, rulings made in a proceeding are considered the law of the case and are binding in later proceedings."); *see also Cristobal IV*, 2018 Guam 29 ¶ 8 (citing *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987)) ("Under [the] law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the

11

same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.").[10]

After the issuance of *Cristobal IV*, the Estates of J. Cristobal & Lamorena petitioned the Supreme Court for rehearing. As part of the rehearing, they argued that "the court overlooked that Bottomless Pit breached the Settlement Agreement and that the legal effect of this breach was to relieve the Cristobals from any duty to perform." Order Denying Rehearing, at 2. In response to their Petition, the Supreme Court issued an Order Denying Rehearing on July 12, 2019. The Supreme Court rejected the Plaintiffs' argument that Bottomless Pit breached the Settlement Agreement, stating:

> As this court, recognized, *see* [*Cristobal IV*], 2018 Guam 29 ¶ 2, this is the fourth time that the parties' dispute has come before the court—and in those prior proceedings, the Cristobals had ample opportunity to pursue the argument that [the Defendant's] failure to sell the land within 90 days constituted a breach. In [*Cristobal III*] 2016 Guam 27, the Cristobals specifically attacked the enforceability of the Settlement Agreement but did not assert that that Bottomless Pit was in breach. . . . [U]nder the law of the case doctrine, the Cristobals have foregone the ability to challenge the enforceability of the Settlement Agreement on the entirely new basis they now raise.

*Id.* at 4.

At the October 17, 2022 OSC hearing, when the Court asked about the Supreme Court's Order Denying Rehearing and whether the law of the case doctrine prohibited the frustration of purpose argument, Attorney Diaz on behalf of the Estates of J. Cristobal & Lamorena argued that they could still raise the argument because "we are not before the Supreme Court." Min Entry, at 10:56:40-10:58:36AM (Oct. 17. 2022). Counsel further argued that due to "the difference in

---

[10] The Court notes that the law of the case doctrine limits the Court's discretion but there are limited circumstances in which the Court may depart from the law of the case. *See People of Guam v. Hualde*, 1999 Guam 3 ¶ 13 (discussing when courts may depart from law of the case doctrine). Although Bottomless Pit explicitly raised the law of the case doctrine in its Reply, the Plaintiffs did not request to provide supplemental briefing on this issue.

12

procedure" the Plaintiffs are not barred by the law of the case doctrine from raising the frustration of purpose argument. *Id.*

However, the Court disagrees with the Estates of J. Cristobal & Lamorena and finds that the Supreme Court explicitly stated that "under the law of the case doctrine, the Cristobals have forgone the ability to challenge the enforceability of the Settlement Agreement . . . ." Order Denying Rehearing, at 4. The Order Denying Rehearing states that the Plaintiffs already "specifically attacked the enforceability of the Settlement Agreement" in *Cristobal III. Id.* Therefore, as with the breach argument raised on rehearing, the Plaintiffs previously had an opportunity to challenge the enforceability of the Settlement Agreement due to frustration of purpose but failed to do so. Consequently, under the law of the case doctrine, the Plaintiffs are deemed to have "foregone the ability" to do so, and therefore, have waived the right to challenge the enforceability of the Settlement Agreement. *Id.; see Cristobal IV* 2018 Guam 29 ¶ 8 ("[T]he parties are deemed to have waived the right to challenge that decision at a later time."). Accordingly, the Court finds itself constrained and is precluded from reconsidering the enforceability of the Settlement Agreement.[11] *See Guam Hous. & Urb. Renewal Auth.*, 2001 Guam 8 ¶ 14.

### 2.    Plaintiffs Had Knowledge of the Order

The Plaintiffs do not dispute that they had knowledge of the 1996 Stipulation & Order or the Settlement Agreement. While the Estate of C. Cristobal claims that "as late as January 26,

---

[11] After the matter was taken under advisement, the Estates of J. Cristobal & Lamorena filed a Request for Judicial Notice ("Request"), a Declaration of Geri Diaz in Support of the Request ("Declaration of Diaz"), and a Declaration of Alberto C. Lamorena III ("Declaration of Lamorena") on November 11, 2022. On November 16, 2022, the Defendant filed an Objection to Plaintiffs' Request ("Objection to Request"). The Estates of J. Cristobal & Lamorena sought judicial notice of certain court proceedings and filings to support their argument that ongoing litigation involving the Defendant "contributed to the delays in settling the instant matter." Request, at 1-3. However, as a result of the Court finding that the law of the case doctrine applies, the Court is unable to address the Request for Judicial Notice and finds that it is not dispositive of the issue before the Court. *See* GRE Rule 201.

2018, it was believed by the Estate that the property in question had been deeded to the other co-plaintiffs," they never claim to not know of the 1996 Stipulation & Order, and even admit that "Concepcion F. Cristobal signed the 1996 settlement agreement and the 1997 map subdividing the map." Oct. 13, 2022 Opp'n, at 2. The Court finds any argument that the Estate of C. Cristobal had "no awareness or involvement" of the underlying 1996 Stipulation & Order to not reflect the record. *See Id.* at 2; *see also* Motion for OSC Exhibits (January 28, 2020).

Further, the Court finds that no parties argued that they were not aware of the subsequent decisions in this matter. The Estates of J. Cristobal & Lamorena acknowledged that "in the Supreme Court's most recent opinion, it held that Section Seven is now the only operative provision of the Settlement Agreement that would allow the extinguishment of the pertinent claims." August 5, 2022 Opp'n, at 10. Therefore, the Court finds that the parties had knowledge of the 1996 Stipulation & Order and the continued findings of the enforceability of the Settlement Agreement.

### 3. Plaintiffs Had Ability to Comply

Next the Court must determine whether the Plaintiffs have the ability to comply with the 1996 Stipulation & Order to effectuate Section Seven of the Settlement Agreement. Besides the frustration of purpose argument raised, no party contends in their filings or at the hearing that they do not have the ability to comply with the 1996 Stipulation & Order or sign and record a map to effectuate Section Seven of the Settlement Agreement. Therefore, the Court finds the Plaintiffs have the ability to comply with the 1996 Stipulation & Order.

### 4. Plaintiffs Allege Misunderstanding Regarding the 2019 Map And Appear Willing to Comply with the Order

With regard to the fourth element, the Supreme Court of Guam notes that "a good faith belief" may prevent a finding of willfulness for contempt proceedings in certain instances. *Lamb,*

2008 Guam 2 ¶ 52 (noting that "a good faith belief that a party's interpretation of the [child support] order is correct may prevent a finding of willfulness for purposes of establishing contempt.")

At the October 17, 2022 hearing, discussion about the map to be signed to effectuate Section Seven of the Settlement Agreement as contained in the 1996 Stipulation & Order arose.

> COURT: Ms Diaz and Ms. Terlaje, with regard to the map that Bottomless Pit is stating is the survey map that is in compliance with Section Seven, your position on the current version of the survey map that has been provided . . . to the Plaintiffs?
>
> ATTORNEY DIAZ: And if I may your honor, Attorney Pole, is that the 2019 map?
>
> ATTORNEY POLE: I think that is the latest. I mean we—I don't know if there is anything further on that.
>
> ATTORNEY DIAZ: Okay, yes your honor, we do have the 2019 map. However, I have not reviewed that with a private surveyor so I am unclear as to whether or not it conforms with the terms of Section Seven. If the court should be inclined to look at that map and want to enforce it, I would certainly speak to my clients about having that reviewed to ensure that it is consistent with Section Seven. It is my understanding that it is Attorney Pole and his client that obtained that particular map from Mr. Balagtas who provided their assurance that it is consistent but I would have to double check that with my clients and perhaps their own private surveyor.
>
> COURT: Okay, alright. Thank you. Ms. Terlaje, just with regard to the, I guess I will call it the 2019, for lack of a better word, version of the survey map? Any comment with regard to it?
>
> ATTORNEY TERLAJE: Your honor, the only comment that I offer for the Court is this is the exact reason why contempt cannot be entered. The Defendants are asking the Court to find the Estates in contempt for failing to follow a 2015 decision of a 2010 map and has offered the Court a 2019 map. And so, notwithstanding the fact that the Court might find that Section Seven and its enforceability provisions and any defenses that are applicable, that a recorded

map needs to be done. I don't think that there would be a disagreement that there needs to be a map done, but we don't believe that the Court should hold the parties in contempt for failing to sign a 2019 map when the 2019 map did not exist in the 2015 order. So that is the operative order that Mr. Pole is requesting the Court to enter the contempt on. And so I believe this is really simply an application of law issue and then from the court's determination, the directive to sign the correct map in accordance with the Court's legal finding, I think that the Estate of Concepcion would have no dispute as to that. But to sign off on a new map on a contempt proceeding basically for something that occurred in 2015 is just not the correct result.

COURT: Okay, and I will ask, Mr. Pole, any comment to the survey map, anything further based upon what they said?

ATTORNEY POLE: Well your honor, simply put that the 2010 map had to be updated, which is why we have a new map because we want to make sure that we are in compliance with the general order that says that it should be as clean as possible to the decision. So if the Court wants to order them to do that in 30 days, that is not a problem. The reason the OSC was done is this is not a judge— well I mean while it is a judgment, this is— the Court retained its jurisdiction to enforce the Settlement Agreement and what we are asking for is that the Settlement Agreement to be enforced.

Min. Entry, at 11:10:59-11:14:54 AM (Oct. 17, 2022).

Upon review of the parties' arguments, the Court finds that there appears to be good faith confusion about the map that needs to be signed to effectuate Section Seven of the Settlement Agreement. In addition, the Plaintiffs state that if the Court were to order them to comply with the 1996 Stipulation & Order and sign the proposed map then they would need more time to review the proposed map with a licensed surveyor, which Bottomless Pit does not oppose.

Therefore, based on the position of the parties concerning the status of the proposed map and the need for additional time for review, the Court does not find that the Plaintiffs have willfully failed to comply with the 1996 Stipulation & Order at this time. But this does not

16

preclude the Defendant's ability to enforce the conveyance mandates of Section Seven of the Settlement Agreement, this Court's 1996 Stipulation & Order, and Final Judgment.

## CONCLUSION

Based on the foregoing reasons, the Court does not find the Administrators of the Estates of J. Cristobal, Lamorena, and C. Cristobal in contempt.

The Court **HEREBY ORDERS** that:

1. The parties must comply with the conveyance mandates of Section Seven of the parties' Settlement Agreement, this Court's 1996 Stipulation & Order, and Final Judgment.

2. Within ten (10) days of this Decision and Order, the Defendant must provide a proposed survey map to Plaintiffs that complies in near approximate accordance with the map and survey sketch in the Settlement Agreement's Recitals and Section Three.

3. Within seventy (70) days of this Decision and Order, the Plaintiffs must sign a proposed survey map provided by the Defendant that complies in near approximate accordance with the map and the survey sketch in the Settlement Agreement's Recitals and Section Three.

4. A Status Hearing in this matter shall be held on **April 4, 2023 at 10:00 a.m. via Zoom.***

SO ORDERED: _____JAN 2 0 2023_____

_____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

***ZOOM INFORMATION:** To participate you may use your smartphone or computer and go to: https://guamcourts-org.zoom.us and enter the Meeting ID: 839 7874 0380 and Passcode: 189701 or you may appear in person at Judge Dana A. Gutierrez's Courtroom, 120 West O'Brien Drive Hagatna, Guam. For technical assistance, please call into the courtroom at (671) 475-3207 five (5) minutes prior to the designated hearing time.